UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC and WEST MAUI RESORT PARTNERS, L.P., <br><br> Petitioners, <br><br> v. <br><br> JOHN MORROW and ILEANA MORROW, <br><br> Respondents. | No. 2:18-cv-02970-JAM-KJN <br><br> **ORDER RE: PETITION TO CONFIRM ARBITRATION AWARD** |

Respondents John and Ileana Morrow filed a claim against Diamond Resorts Hawaii Collection Development, LLC and Diamond Resorts International, Inc. with the American Arbitration Association ("AAA") in January 2016. The arbitrator denied Respondents' claims and enforced a Promissory Note executed by Respondents in October 2015. Petitioners Diamond Resorts Hawaii Collection Development, LLC and West Maui Resort Partners, L.P. now petition the Court to confirm the arbitrator's award in accordance with the Federal Arbitration Act ("the FAA"), 9 U.S.C.

1

§ 9.  Respondents have not filed an opposition or responded to the Petition to Confirm the Arbitration Award.[1]

I.  OPINION

There is a strong presumption that the FAA applies to cases that fall within its purview.  Johnson v. Gruma Corp., 614 F.3d 1062, 1066 (9th Cir. 2010).  The FAA, 9 U.S.C. §§ 9-11, supplies rules for both arbitration and the confirmation or vacatur of an arbitration award.  Id. at 1066-67.  If a party seeks a judicial order confirming an arbitration award, the FAA provides that "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]."  9 U.S.C. § 9; Bosack v. Soward, 586 F.3d 1096, 1102 (9th Cir. 2009).  The party seeking to vacate an arbitration award bears the burden of establishing grounds for vacatur.  United States Life Ins. v. Superior National Ins. Co., 591 F.3d 1167, 1173 (9th Cir. 2010).

Here, Respondents have not moved to vacate, modify, or correct the award within the applicable period.  9 U.S.C. § 12 (granting three months to serve notice of a motion to vacate, modify, or correct an award upon the adverse party).  Respondents have waived the ability to assert any affirmative defenses in this confirmation proceeding.  See Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty. v. Celotex Corp., 708 F.2d 488, 490 (9th Cir. 1983) (finding "that a party's failure to petition to vacate an unfavorable award within the applicable

---
[1] This petition was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).

statutory period bars the party from asserting affirmative defenses in a subsequent proceeding to confirm the award."). Absent a challenge by Respondents, "the court must grant . . . an order [confirming the award]." 9 U.S.C. § 9.

## II. ORDER

IT IS THEREFORE ORDERED that Petitioners' petition to confirm the arbitration award is GRANTED. The arbitrator's November 15, 2017 award is CONFIRMED in its entirety. The Court enters judgment in favor of Petitioners and against Respondents.

IT IS SO ORDERED.

Dated: May 30, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE